NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHALOM M. HARRIS, | No. 16-35585 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01387-BAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 8, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Shalom Harris appeals the district court's decision affirming the

Commissioner of Social Security's denial of Harris's application for supplemental

security income disability benefits under Title XVI of the Social Security Act. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The ALJ supported his decision to give Dr. Ruddell's opinion "little weight" with specific and legitimate reasons derived from the evidentiary record. Dr. Ruddell conducted her examination with a materially incomplete understanding of Harris's mental health and neurological condition. By contrast, Dr. Hendrickson's detailed opinion took Harris's Asperger's condition into consideration. The ALJ concluded that Dr. Hendrickson's opinion was "more reliable and accurate" as well as consistent with the views of her treating psychiatrist.

The ALJ properly rejected that part of Dr. Hendrickson's opinion regarding marked limitations in interacting with supervisors based on evidence in the record showing that Harris engaged appropriately with medical providers and reported no problems interacting with non-family members. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (concluding that the ALJ may properly reject a medical opinion that is contradicted by other medical evidence). The Residual Functional Capacity (RFC) assessment properly accounted for the remaining limitations in Dr. Hendrickson's thorough opinion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming the ALJ's assessment of specific functional limitations based on substantial evidence in the medical record).

16-35585

Substantial evidence supports the ALJ's interpretation of the medical opinions from Dr. Weir, Dr. Thuline, Dr. Ignacio, Dr. Nelson, and Dr. Fligstein, and the RFC accounts for all relevant limitations in these opinions. *See Stubbs-Danielson*, 539 F.3d at 1174 (affirming the ALJ's RFC assessment based on substantial evidence); *Batson*, 359 F.3d at 1193 (explaining that this court must defer to the ALJ when the evidence supports more than one interpretation).

Harris complains that the ALJ erred in failing to acknowledge other evidence supporting her case. However, the ALJ indicated that he had given careful consideration to "all of the evidence." We find no error in not mentioning some doctors by name.

The ALJ provided several clear and convincing reasons to discredit Harris's testimony regarding the intensity of her symptoms. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ properly determined that specific testimony regarding Harris's physical, social, and cognitive limitations was inconsistent with specific objective medical evidence. *See Brown-Hunter*, 806 F.3d at 494 (requiring the ALJ to link specific medical evidence to the specific testimony it discredits). Second, the ALJ properly discredited Harris's testimony based on inconsistencies with her activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that an ALJ can properly reject claimant testimony based on activities that are inconsistent with the testimony). Third, the ALJ

properly discredited Harris's statements regarding her inability to lift her niece or look for work based on inconsistent statements in the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Fourth, the ALJ properly relied on a lack of objective medical evidence showing anger and anxiety during social interactions with non-family members as one factor in discrediting Harris's testimony regarding her functional limitations from anger and anxiety. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (concluding that the ALJ can properly rely on a lack of supporting objective medical evidence as one factor in discrediting claimant testimony). Even assuming that SSR 16-3p applies retroactively, the ALJ properly focused on evaluating Harris's symptoms and not her character for truthfulness. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017).

The ALJ properly rejected the lay testimony of Harris's mother based on inconsistencies with Harris's own testimony and the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (including inconsistencies with claimant testimony and with medical evidence as germane reasons to discredit lay testimony).

**AFFIRMED.**